Singh v. Garland

BIA
IJ Poczter
A201 274 021

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of April, two thousand twenty-two.

PRESENT:
> JOSÉ A. CABRANES,
> MICHAEL H. PARK,
> EUNICE C. LEE,
> > *Circuit Judges.*

_____

HARJIT SINGH,
> *Petitioner,*

v.                                          19-3031
                                            NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Genet Getachew, Esq., Brooklyn, NY.

FOR RESPONDENT:          Ethan P. Davis, Acting Assistant Attorney General; Russell J-E. Verby, Senior Litigation Counsel;

John D. Williams, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Harjit Singh, a native and citizen of India, seeks review of a September 13, 2019 decision of the BIA affirming a January 30, 2018 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Harjit Singh,* No. A 201 274 021 (B.I.A. Sept. 13, 2019), *aff'g* No. A 201 274 021 (Immig. Ct. N.Y.C.y Jan. 30, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination for substantial evidence).

2

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on" inconsistencies within and between an applicant's statements and other evidence "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the adverse credibility determination here.

Singh alleged that Congress Party members attacked him in October 2012 and February 2013 and the police did not act on his complaint and instead protected the Congress Party members. The agency concluded that his claim was not credible. To arrive at this conclusion, it reasonably relied on the cumulative impact of contradictions between Singh's claim and his corroborating evidence, a lack of corroboration of material facts, and Singh's admission that his father

3

prepared all the witness affidavits. First, Singh testified that he was attacked by members of the Congress Party; but Singh's father stated that Singh had "been attacked two times by the members of Congress party and the police." The agency was not required to accept Singh's assertion that his father spoke "figuratively." *See Siewe v. Gonzales*, 480 F.3d 160, 168 (2d Cir. 2007) ("[R]ecord support for a contrary inference—even one more plausible or more natural—does not suggest error."); *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (cleaned up)).

Second, Singh testified that he went to the police following the October 2012 attack accompanied by his "father and the head of the village." His father's affidavit states only that "Singh went to the police station," without mentioning that he or the head of the village accompanied him. This omission undermined Singh's credibility as there was no other evidence to corroborate the report to the police. *See Xiu Xia Lin*, 534 F.3d at 167–68 & n.3 (allowing reliance

4

on cumulative effect of inconsistencies and omissions "as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." (quoting 8 U.S.C. § 1158(b)(1)(B)(iii))); *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question.").

Finally, Singh's corroborating evidence undermined his credibility because affidavits—ostensibly from his uncle, the head of the village, and a local official—were nearly identical to that written by his father. *See Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 519 (2d Cir. 2007) ("When an asylum applicant himself has submitted two or more affidavits in support of his application that, he says, have been provided by different persons, but which are strikingly similar in their structure or language, our court has allowed an [IJ] to treat those similarities as evidence supporting an adverse credibility finding."). "[I]t is reasonable and unproblematic for an IJ to infer that an applicant who

[himself] submits the strikingly similar documents is the common source of those suspicious similarities." *Id.*

Taking these findings cumulatively, "the totality of the circumstances" supports the adverse credibility determination. 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility determination is dispositive of asylum, withholding of removal and CAT relief because all three forms of relief were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6